UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

SEAN SWAIN,

        Plaintiff,

    v.                                  Civil Action 2:23-cv-2809
                                        Judge Algenon L. Marbley
                                        Magistrate Judge Chelsey M. Vascura

ANNETTE CHAMBERS-SMITH,
*Director, Ohio Department of Rehabilitation and Corrections*,

        Defendants.

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, Sean Swain, a state inmate who is proceeding without the assistance of counsel, brings this action under 42 U.S.C. § 1983 against Annette Chambers-Smith, Director of the Ohio Department of Rehabilitation and Corrections ("ODRC"), alleging that ODRC's legal mail policy violates his rights under the United States Constitution and various Ohio statutes. (Compl., ECF No. 1-1.) This matter is before the Court for the initial screen of Plaintiff's Complaint under 28 U.S.C. § 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997). Having performed the initial screen, Plaintiff **MAY PROCEED** on his First Amendment legal mail claim and his First Amendment access-to-courts claim, to the extent those claims seek injunctive or declaratory relief. However, for the reasons that follow, the

undersigned **RECOMMENDS** that the Court **DISMISS** Plaintiff's remaining claims pursuant to § 1915A for failure to state a claim on which relief may be granted.

## I. BACKGROUND

Prior to April 8, 2022, the Ohio Administrative Code prevented state prison officials from opening or inspecting "legal mail," including mail from a state or federal court, outside the presence of the inmate to whom it was addressed. The Code provision in question read as follows:

> "Legal mail" is mail addressed to an inmate clearly bearing the return address of an attorney-at-law, a public service law office, a law school legal clinic, court of law, or the correctional institution inspection committee. It may be opened and inspected for contraband only in the presence of the inmate-addressee. "Legal mail" does not include postcards from a court of law that indicates fees and/or fines owed by the inmate-addressee.

O.A.C. 5120-9-17(B)(2) (valid through April 7, 2022). This procedure was consistent with the holding of the United States Court of Appeals for the Sixth Circuit in *Sallier v. Brooks*, which held:

> In order to guard against the possibility of a chilling effect on a prisoner's exercise of his or her First Amendment rights and to protect the right of access to the courts, we hold that mail from a court constitutes "legal mail" and cannot be opened outside the presence of a prisoner who has specifically requested otherwise.

343 F.3d 868, 877 (6th Cir. 2003). *Sallier* also emphasized that an "opt-in system" (whereby legal mail must be opened in an inmate's presence if the inmate has made a specific request to that effect) is "constitutionally sound" only so far as "prisoners received written notice of the policy, did not have to renew the request upon transfer to another facility, and were not required to designate particular attorneys as their counsel." *Id.* at 874 (citing *Knop v. Johnson*, 977 F.2d 996, 1012 (6th Cir. 1992)).

On April 8, 2022, an amended version of O.A.C. 5120-9-17, describing a new legal mail policy, went into effect. The amended version provides:

> "Legal mail" is mail addressed to an inmate clearly bearing the return address of an attorney-at-law, a public service law office, a law school legal clinic, court of law, or the correctional institution inspection committee *that is marked with a valid control number provided by the department*. It may be opened and inspected for contraband only in the presence of the inmate-addressee. "Legal mail" does not include postcards from a court of law that indicates fees and/or fines owed by the inmate-addressee. *If mail is received from any of the groups listed without a valid control number, then it may be treated as a regular, non-legal mail, as set forth in paragraph (B)(1) of this rule.*

O.A.C. 5120-9-17(B)(2) (effective April 8, 2022) (emphasis added). Thus, the amended Code provision creates a new requirement for senders of legal mail, including courts and attorneys, to obtain a control number prior to mailing and to mark the envelope with that number. Plaintiff alleges that the website for court personnel to obtain control numbers for court mailings was non-functional for several months, such that no senders of court mailings could obtain control numbers for that period. (Compl. 8, ECF No. 1-1.)

Although not codified in the previous or current version of O.A.C. 5120-9-17, Plaintiff also alleges that, in practice, prison officials limit all mailings without a control number to five pages in length. (Compl. 9, ECF No. 1-1.) Thus, if a mailing—even one sent by a court or an attorney—lacks a control number, the inmate will receive only the first five pages of that mailing. (*Id.*)[1]

Plaintiff alleges that the combination of these two policies—*i.e.*, treating legal mail without a control number as regular mail, and limiting regular mailings to five pages—has harmed his ability to prosecute three different lawsuits. First, his habeas corpus action in the Northern District of Ohio was dismissed "in a process where [Plaintiff] was forced to litigate in

---

[1] ODRC policy states that "[i]ndividuals may enclose up to five pages (one side, 8½" x 11") of copied material in a personal correspondence," but that "[l]egal materials sent by an attorney or court are not subject to this limitation." *See* 75-MAL-02, Printed Material, § VI(C)(3). Plaintiff's allegations suggest that prison officials are not following this legal-materials exception to the five-page limit in practice.

3

the blind" after not receiving full copies of motion briefs and court documents. Second, Plaintiff has not received full discovery materials in an ongoing defamation action in the Mahoning County Court of Common Pleas against his ex-wife, who, as a *pro se* litigant herself, does not qualify to obtain a control number even if she were inclined. The same situation is occurring in a third ongoing lawsuit for unpaid wages in the Mahoning County Court of Common Pleas, such that the defendant's discovery materials were limited to five pages when delivered to Plaintiff. (Compl. 10–11, ECF No. 1-1.) "As a consequence of this, [Plaintiff] is foreseeably hobbled, deprived of discovery materials sent to him in litigation by the defendants in those cases, unable to effectively litigate otherwise meritorious cases." (*Id.* at 11.) Plaintiff further alleges that it would create no additional burden on prison officials to simply provide the entirety of the mailings, as the mailroom staff already photocopy and retain copies of all pages of all mailings received by the prison. (*Id.* at 12.)

Plaintiff's Complaint names only Annette Chambers-Smith, Director of ODRC, as a Defendant. Plaintiff contends that Defendant's actions in promulgating and approving ODRC mail policy (1) violate the separation of powers doctrine, (2) violate the constitutional principle of comity, (3) violate Plaintiff's right to access the courts guaranteed by the United States Constitution, (4) violate Plaintiff's right to redress of grievances, (5) constitute dereliction of duty in violation of Ohio Revised Code § 2921.44, and (6) constitute interference with civil rights in violation of Ohio Revised Code § 2921.45. Plaintiff seeks declaratory and injunctive relief, as well as nominal, compensatory, and exemplary damages, and Plaintiff's costs. (Compl. 13–14, ECF No. 1-1.)

## II. STANDARD OF REVIEW

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also*

*Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal and factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "detailed factual allegations, a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). A complaint will not "suffice if it tenders naked assertion devoid of further factual enhancement." *Id.* (cleaned up). Instead, in order to state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face." *Id*. (cleaned up). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, when considering a *pro se* plaintiff's Complaint, a Court "must read [the allegations] with less stringency . . . and accept the pro se plaintiff's allegations as true, unless they are clearly irrational or wholly incredible." *Reynosa v. Schultz*, 282 F. App'x 386, 389 (6th Cir. 2008) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)) (internal citation omitted).

### III. ANALYSIS

The undersigned construes Plaintiff's Complaint to advance claims for violation of his First Amendment rights to receive legal mail and to access the courts (and finds that his claims

5

for violation of "the constitutional principle of comity" and his "right to redress of grievances guaranteed by the U.S. Constitution"—each alluded to only cursorily in Plaintiff's list of claims—to be encompassed within his First Amendment claims). Plaintiff also asserts claims for violation of the separation of powers doctrine and violation of two Ohio criminal statutes. The undersigned concludes that Plaintiff **MAY PROCEED** on his First Amendment legal mail and access-to-courts claims to the extent he seeks injunctive and declaratory relief, but **RECOMMENDS** that Plaintiff's remaining claims be dismissed for the following reasons.

**A.     Official- and Individual-Capacity Claims**

Plaintiff does not specify whether he intends to sue Defendant in her individual or official capacity. To the extent he advances official-capacity claims for money damages, those claims must be dismissed under the doctrine of sovereign immunity. The Eleventh Amendment operates as a bar to federal-court jurisdiction when a private citizen sues a state or its instrumentalities unless the state has given express consent. *Pennhurst St. Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1983); *Lawson v. Shelby Cty.*, 211 F.3d 331, 334 (6th Cir. 2000). A suit against a state official in his or her official capacity is "not a suit against the official but rather is a suit against the official's office," and is therefore "no different from a suit against the State itself." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). "There are three exceptions to sovereign immunity: (1) when the state has waived immunity by consenting to the suit, (2) when Congress has expressly abrogated the states' sovereign immunity, and (3) when the doctrine set forth in *Ex Parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), applies." *Boler v. Earley*, 865 F.3d 391, 410 (6th Cir. 2017) (citation omitted).

Here, the first two exceptions do not apply. First, "Ohio has not waived sovereign immunity in federal court." *Mixon v. State of Ohio*, 193 F.3d 389, 397 (6th Cir. 1999). Second, "Section 1983 does not abrogate Eleventh Amendment immunity." *Boler*, 865 F.3d at 410 (citing

*Will*, 491 U.S. at 66). However, Plaintiff's claims may be viable under *Ex Parte Young*. The *Ex Parte Young* exception to sovereign immunity allows a plaintiff "to bring claims for prospective relief against state officials sued in their official capacity to prevent future federal constitutional or statutory violations, regardless of whether compliance might have an ancillary effect on the state treasury." *Boler*, 865 F.3d at 412 (cleaned up). The exception applies where the plaintiff alleges "an ongoing violation of federal law and seeks relief properly characterized as prospective." *Dubuc v. Mich. Bd. of Law Exam'rs*, 342 F.3d 610, 616 (6th Cir. 2003) (quoting *Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002)). Here, Plaintiff alleges an ongoing violation of his First Amendment rights as a result of the state of Ohio's mail policies and practices. Thus, Plaintiff **MAY PROCEED** to the extent he seeks declaratory or injunctive relief against Defendant in her official capacity to redress ongoing violations of his First Amendment rights, but it is **RECOMMENDED** that Plaintiff's official-capacity claims for damages be dismissed.

To the extent Plaintiff intends to sue Defendant in her individual capacity, his claims must be dismissed in their entirety. In order to plead a cause of action under § 1983, a plaintiff must plead two elements: "(1) deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under color of state law." *Hunt v. Sycamore Cmty. Sch. Dist. Bd. of Educ.*, 542 F.3d 529, 534 (6th Cir. 2008) (citing *McQueen v. Beecher Cmty. Sch.*, 433 F.3d 460, 463 (6th Cir. 2006)). To sufficiently plead the second element, a plaintiff must allege "personal involvement." *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008) (citation omitted). This is because "§ 1983 liability cannot be imposed under a theory of *respondeat superior.*" *Id.* (citation omitted). Thus, to hold a supervisor liable under § 1983, a plaintiff "must show that the official at least implicitly authorized, approved, or knowingly

acquiesced in the unconstitutional conduct . . . ." *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009) (internal quotation omitted). Here, Plaintiff's Complaint fails to provide sufficient factual content or context from which the Court could reasonably infer that Defendant Chambers-Smith was personally involved in any violation of Plaintiff's rights to receive legal mail or to access the courts. To the extent ODRC's policies caused Plaintiff injury arising out of Defendant's promulgation or approval of those policies, those allegations are appropriately considered via Plaintiff's official-capacity claims. Accordingly, it is **RECOMMENDED** that Plaintiff's individual-capacity claims for constitutional violations be **DISMISSED**.

**B.     Separation of Powers**

In his list of claims, Plaintiff asserts that "Defendant Annette Chambers-Smith's actions and omissions described herein violate the Separation of Powers, whereby Defendant, an agent of the Executive, has assumed authority properly within the domain of the Judicial Branch, and has done so to the injury of Plaintiff." (Compl. 13, ECF No. 1-1.) This is the only mention of the separation of powers doctrine in Plaintiff's Complaint.

As set forth above, such "naked assertion[s] devoid of further factual enhancement" are insufficient to state a plausible claim for relief. *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 557). Regardless, no such federal claim exists because "the doctrine of separation of powers embodied in the Federal Constitution is not mandatory on the States." *Whalen v. United States,* 445 U.S. 684, 689 n. 4, 100 S.Ct. 1432, 63 L.Ed.2d 715 (1980); *see also Austin v. Jackson,* 213 F.3d 298, 302 (6th Cir. 2000) (holding that a claim under doctrine of separation of powers presents an issue of state law that was not subject to federal habeas review); *McKitrick v. Smith,* No. 3:08–CV–597, 2009 WL 1067321, at *9 n. 4 (N.D. Ohio Apr. 21, 2009) ("The only structural requirement imposed on the states by the Constitution is that each state shall have a republican form of government. Art. IV, § 4. All else, consistent with the federal rights

guaranteed a state's citizens, is a matter for the individual states."). Accordingly, it is

**RECOMMENDED** that the Court **DISMISS** Plaintiff's purported separation of powers claim.

**C.     Ohio Criminal Statutes**

Plaintiff further alleges that Defendant Chambers-Smith's actions constitute dereliction of duty and interference with civil rights under Ohio Revised Code §§ 2921.44 and 2921.45, respectively. However, these are criminal statutes that do not provide Plaintiff with a private cause of action. *See State ex rel. Bailey v. Ohio Parole Bd.*, 97 N.E.3d 433, 437 (2017) (no private cause of action under § 2921.44); *Roane v. Warden, Corr. Reception Ctr.*, No. 2:22-CV-2768, 2022 WL 4919972, at *3 (S.D. Ohio Oct. 4, 2022), *report and recommendation adopted*, 2022 WL 16535903 (S.D. Ohio Oct. 28, 2022) (no private cause of action under § 2921.45). Accordingly, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's claims under these statutes.

**D.     Pending Motions**

Plaintiff initially moved for leave to proceed *in forma pauperis* on August 30, 2023 (ECF No. 1); however, his application was not accompanied by a certified trust fund account statement as required by 28 U.S.C. § 1915. The Court notified Plaintiff of the deficiency and allowed him 30 days to either submit the required statement or pay the applicable $402.00 filing fee (ECF No. 4). On September 21, 2023, Plaintiff paid the filing fee in full. Plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 1) is therefore **DENIED AS MOOT**.

Plaintiff also moved for the appointment of counsel, noting that he "has sought leave to proceed *in forma pauperis* as he is without means to pay costs. Thus, he is unable to afford counsel." (Mot. to Appoint Counsel 1, ECF No. 2.) However, as noted above, Plaintiff elected to pay the filing fee rather than submit the documents necessary to demonstrate his qualification for *in forma pauperis* status. Further, even when parties proceed *in forma pauperis*, appointment of

counsel is discretionary under 28 U.S.C. § 1915(e); appointment of counsel in a civil case is not a constitutional right. *See Lavado v. Keohane*, 992 F.2d 601, 605–06 (6th Cir. 1993). Rather, "[i]t is a privilege that is justified only by exceptional circumstances." *Id*. at 606. The Court has evaluated whether such exceptional circumstances exist and determines that the appointment of counsel is not warranted at this juncture. Accordingly, Plaintiff's Motion for Appointment of Counsel (ECF No. 2) is **DENIED**.

Plaintiff has also moved the Court to obtain control numbers for its mailings to Plaintiff to ensure his legal mail is delivered to him intact. (ECF No. 5.) Without formally deciding these underlying legal or constitutional issues, the Undersigned **ORDERS** as follows, for the purpose of managing this case in a timely and efficient manner:

**First**, mail from this Court addressed to the inmate-plaintiff in this case is legal mail under *Sallier* and the ODRC is **ORDERED** to treat it as legal mail.

**Second**, Plaintiff's motion for a control number (ECF No. 5) is **DENIED** as unnecessary because this Court's mail to plaintiff in this case is legal mail under *Sallier*.

The Clerk of Court is **DIRECTED** to serve this Order on **(1)** the Ohio Attorney General's Office (which represents defendants employed by the State of Ohio in similar matters) at 30 E. Broad Street, 23rd Floor, Columbus, OH 43215; and **(2)** the Mailroom Supervisor at Ohio State Penitentiary.

Next, Plaintiff moves to prohibit the Ohio Attorney General from representing Defendant in this matter unless the Attorney General produces to the Court for its review the investigation work product under Ohio Revised Code § 109.362, which provides that the Attorney General shall not represent and defend a state officer or employee whom the Attorney General determines has acted manifestly outside the scope of his employment or official responsibilities, with

10

malicious purpose, in bad faith, or in a wanton or reckless manner. (ECF No. 6.) The statute does not provide for federal court review of a state agency's decision to represent a state official, and the undersigned can locate no authority that would allow this Court to undertake such review. Accordingly, Plaintiff's Motion to Preclude Appearance by Ohio Attorney General on Behalf of Defendant until State Law Statutory Requirements are Met (ECF No. 6) is **DENIED**.

Finally, Plaintiff moves for entry of default against Defendant for failure to respond to Plaintiff's Complaint (ECF No. 7). However, the docket does not reflect that Defendant has been served with the Complaint in compliance with Federal Rule of Civil Procedure 4. Moreover, in actions commenced by a prisoner, defendants are not required to file an answer to the complaint unless ordered to do so by the Court. 42 U.S.C. § 1997e(g)(1)–(2). Defendant is therefore not in default under Federal Rule of Civil Procedure 55 and Plaintiff's application for entry of default is **DENIED**.

## IV. DISPOSITION

For the foregoing reasons, Plaintiff **MAY PROCEED** on his First Amendment legal mail claim and his First Amendment access-to-courts claim, to the extent those claims seek injunctive or declaratory relief, but the undersigned **RECOMMENDS** that the Court **DISMISS** Plaintiff's remaining claims pursuant to § 1915A for failure to state a claim on which relief may be granted.

Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 1) is **DENIED AS MOOT**, Plaintiff's Motion to Appoint Counsel (ECF No. 2) is **DENIED**, Plaintiff's Motion to Preclude Appearance by Ohio Attorney General on Behalf of Defendant until State Law Statutory Requirements are Met (ECF No. 6) is **DENIED**, and Plaintiff's Application for Entry of Default (ECF No. 7) is **DENIED**.

ODRC is **ORDERED** to treat mail from this Court addressed to Plaintiff as legal mail, and Plaintiff's Motion to Obtain Control Number (ECF No. 5) is **DENIED** as unnecessary because this Court's mail to plaintiff in this case is legal mail under *Sallier*.

If Plaintiff wishes to have the United States Marshal effect service of process over Defendant as to his First Amendment claims for declaratory and injunctive relief, Plaintiff is **DIRECTED** to submit a completed summons form (Form AO-440) and a service of process by U.S. Marshal form (Form USM-285). Once the Clerk is in receipt of the required forms, the Clerk is **DIRECTED** to issue the summons, and the United States Marshal is **DIRECTED** to serve by certified mail upon Defendant Chambers-Smith the summons, a copy of the Complaint (ECF No. 1-1), and a copy of this Order and Report and Recommendation.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of

the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE