UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

SEAN SWAIN,

        **Plaintiff,**

    v.                          Civil Action 2:23-cv-2809
                                  Judge Algenon L. Marbley
ANNETTE CHAMBERS-SMITH,        Magistrate Judge Chelsey M. Vascura
*Director, Ohio Department of Rehabilitation and Corrections*,

        **Defendant.**

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Motion for Sanctions (ECF No. 31). By way of background, Plaintiff commenced this action on August 30, 2023, asserting that the Ohio Department of Rehabilitation and Correction's ("ODRC") mail policies violated Plaintiff's First Amendment rights. (Compl., ECF No. 1-1.) Plaintiff challenges ODRC's requirement that a sender of legal mail must contact ODRC to obtain a unique "control number" for each mailing, and to affix the control number to the exterior of the mailing's envelope, before ODRC will treat the mailing as legal mail. Plaintiff contends this policy is contrary to the holding of *Sallier v. Brooks*, which held that "mail from a court constitutes 'legal mail' and cannot be opened outside the presence of a prisoner who has specifically requested otherwise." 343 F.3d 868, 877 (6th Cir. 2003). Without deciding the merits of Plaintiff's claims, this Court ordered on December 19, 2023, that "mail from this Court addressed to the inmate-plaintiff in this case is legal mail under *Sallier* and the ODRC is **ORDERED** to treat it as legal mail," and that "ODRC is **ORDERED** to

treat mail from this Court addressed to Plaintiff as legal mail." (Order 10, 12, ECF No. 9.) Similarly, the Court issued an Order on April 12, 2024, that emphasized that "the Court expects Defendant to comply with [December 19, 2023] Order's provisions going forward." (Order 2, ECF No. 15.)

As grounds for sanctions, Plaintiff asserts, and Defendant does not dispute, that on August 12, 2024, Plaintiff received a mailing from this Court "clearly bearing the return address of the U.S. District Court, through regular mail." (*Id.* at 3) (emphasis in original). Plaintiff contends that the Ohio State Penitentiary's ("OSP") mailroom staff's treatment of mail from this Court as regular mail, rather than legal mail, violates this Court's Orders of December 19, 2023, and April 12, 2024 (ECF Nos. 9, 15).

The decision to impose sanctions for contempt of a Court order is within the sound discretion of the district court. *Gascho v. Glob. Fitness Holdings, LLC*, 875 F.3d 795, 800 (6th Cir. 2017). "A party that seeks civil contempt sanctions must demonstrate by clear and convincing evidence that the opposing party knowingly 'violated a definite and specific order of the court.'" *Id.* (quoting *NLRB v. Cincinnati Bronze, Inc.*, 829 F.2d 585, 591 (6th Cir. 1987)). Plaintiff has met this burden, as the Orders require ODRC to treat mailings from this Court to Plaintiff as legal mail, and Defendant does not dispute that the mailing received by Plaintiff on August 12, 2024, was treated as regular mail instead of legal mail. Defendant's only defense to sanctions is that Plaintiff "has several cases pending in different courts. Without specific designation that the mail received is mail regarding this particular case, the mailroom staff would not know from the envelope alone." (Def.'s Mem. in Opp'n 1, ECF No. 32.) But the Court's Orders require that *all* mail from this Court addressed to Plaintiff be treated as legal mail under

*Sallier*, regardless of whether the mail pertains to this case.[1] Thus, the return address on the envelope provided notice to OSP mailroom staff that the mailing that Plaintiff received on August 12, 2024, was required to be treated as legal mail. OSP's treatment of that mailing as regular mail therefore violated the Court's Orders. Accordingly, the undersigned **RECOMMENDS** that Plaintiff's Motion for Sanctions (ECF No. 31) be **GRANTED** and that Defendant be held in contempt of the Court's December 19, 2023 and April 12, 2024 Orders.

As sanctions, Plaintiff requests a monetary award of "at least four figures" (Pl.'s Reply 3, ECF No. 33); Defendant argues that a fine of approximately $30, to reimburse Plaintiff for the cost of certified mailings related to this case, is more appropriate (Def.'s Mem. in Opp'n 1, ECF No. 32). The undersigned strikes a balance and **RECOMMENDS** that Defendant be ordered to pay Plaintiff $100.00 as sanctions for ODRC's violation of the Courts' Orders. Defendant is **CAUTIONED** that further violation of the Court's December 19, 2023 and April 12, 2024 Orders may result in recommendations of additional sanctions.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive

---

[1] The undersigned notes that this case is the only case that Plaintiff currently has pending, or has ever had pending, before this Court.

3

further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE

4