UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

SEAN SWAIN,

        **Plaintiff,**

   v.                                                       **Civil Action 2:23-cv-2809**
                                                                   **Judge Algenon L. Marbley**
**ANNETTE CHAMBERS-SMITH,**                **Magistrate Judge Chelsey M. Vascura**
*Director, Ohio Department of Rehabilitation*
*and Corrections*,

        **Defendant.**

## ORDER

     Plaintiff, Sean Swain, a state inmate who is proceeding without the assistance of counsel, brings this action under 42 U.S.C. § 1983 against Defendant, Annette Chambers-Smith, Director of the Ohio Department of Rehabilitation and Corrections ("ODRC"), alleging that ODRC's legal mail policy violates his First Amendment rights. (Am. Compl., ECF No. 26.) This matter is before the Court on Plaintiff's motion to stay briefing on Defendant's Motion for Summary Judgment pending resolution of Plaintiff's Renewed Motion to Compel Discovery (ECF No. 49) and Plaintiff's Motion for Sanctions (ECF No. 66). ("Motion to Stay," ECF No. 65.) Plaintiff's Motion to Compel and Motion for Sanctions reflect an ongoing dispute over Defendant's (lack of) production of documents in discovery and Defendant's failure to serve Plaintiff with several exhibits in support of Defendant's Motion for Summary Judgment. The undersigned finds it appropriate to resolve these disputes before requiring Plaintiff to respond to Defendant's summary judgment motion. Accordingly, Plaintiff's Motion to Stay (ECF No. 65) is **GRANTED**.

The undersigned also finds Plaintiff's Motion to Compel and Motion for Sanctions ripe for resolution at this time. As to the Motion to Compel, the Court faces a fact pattern extremely similar to that presented by Plaintiff's prior Motion to Compel (ECF No. 36) and a similar result is warranted. That is, for the second time, Defendant's opposition to Plaintiff's request to compel the production of documents is not that the requested documents are not discoverable under Federal Rule of Civil Procedure 26; it is only that Plaintiff "failed to notify Defendant of any issues with resolutions suggested about search terms through correspondence *sent via U.S. Mail*." (Def.'s Mem. in Opp. to Mot. to Compel 2, ECF No. 58) (emphasis added). It is apparent from Plaintiff's briefing that Plaintiff *did* attempt to meet and confer with Defendant regarding Defendant's retreat from her agreement to perform certain email searches by sending Defendant's counsel an email. Plaintiff asserts that he also sent a printout of the email to Defendant's counsel by U.S. Mail. Perhaps the U.S. mailing did not reach Defendant's counsel before filing the Memorandum in Opposition. Even so, the Court has already expressly rejected Defendant's position that it may ignore emails from Plaintiff sent to the email address provided by Defendant's attorney of record on the Court's docket. (November 18, 2024 Order, ECF No. 40.) As noted in that prior Order, although Defendant may have good reasons for not *initiating* communications with inmates via email, nothing in Defendant's filings reflects a good reason for not *responding* to Plaintiff's emails (via U.S. mail, if that is Defendant's preference). For clarity, Defendant is **ADVISED** that Plaintiff's method of communication to Defendant's counsel via their email addresses listed on the docket is not, and will not be in the future, good cause for failing to meet Defendant's meet and confer obligations under Fed. R. Civ. P. 37(a)(1) and S.D. Ohio Civ. R. 37.1.

But once again, the parties have not yet effectively met and conferred regarding Defendant's assertion that the email searches she agreed to are impracticable. As a result, the parties' dispute is not yet ripe for resolution. Plaintiff's Renewed Motion to Compel (ECF No. 49) is therefore **DENIED WITHOUT PREJUDICE**. The parties are **ORDERED** to meet and confer regarding Plaintiff's requested email searches **WITHIN FOURTEEN DAYS** of the date of this Order. Defendant is **ORDERED** to arrange for a telephone or video conference with Plaintiff to comply with this Order. If Defendant has concerns about communicating with Plaintiff in a non-written form, Defendant may send Plaintiff a follow-up letter summarizing the conference and requesting that Plaintiff identify any inaccuracies in the summary. Defendant may also make an auditory recording of the conference if desired. If the parties remain at impasse once they have exhausted their meet and confer efforts, Plaintiff may file a renewed motion to compel.

As general guidance for these meet-and-confer efforts, the undersigned notes that if identification of custodians or job titles is necessary to complete the email searches agreed to by Defendant, then the obvious practical solutions are for Defendant to suggest appropriate custodians, or for Plaintiff to issue additional document requests and/or interrogatories to Defendant to identify the necessary custodians and/or job titles. The undersigned urges the parties (and particularly Defendant, who has superior knowledge of ODRC's email systems and personnel) to consider how the email searches—to which Defendant has not objected on grounds of discoverability—might be most efficiently conducted.

Next, Plaintiff's Motion for Sanctions (ECF No. 66) raises three points of Defendant's conduct that he contends are sanctionable. The first two—Defendant's representations in her Motion for Summary Judgment regarding ODRC's grievance and mail procedures—reflect

3

disagreements between the parties regarding the applicable law and facts and are better considered as part of the parties' summary judgment arguments. Plaintiff may raise these issues in his memorandum in opposition to Defendant's Motion for Summary Judgment. The third is Plaintiff's contention that Defendant failed to serve Plaintiff with all exhibits in support of Defendant's Motion for Summary Judgment. If Defendant failed to serve Plaintiff with the exhibits, there is no evidence before the Court indicating that the failure was intentional, which makes sanctions unwarranted. Plaintiff's Motion for Sanctions (ECF No. 66) is therefore **DENIED WITHOUT PREJUDICE**. But Defendant is **ORDERED** to immediately ascertain whether the exhibits were served on Plaintiff and, if not, to immediately serve the exhibits on Plaintiff.

Finally, Defendant's motion to stay motion practice pending the court's resolution of dispositive motions (ECF No. 71) is **DENIED**. Given the rulings above, the only motions currently pending are Plaintiff's and Defendant's cross-motions for summary judgment. Nor has Defendant identified any motions filed by Plaintiff that are frivolous such that filing restrictions on future motions might be warranted. Defendant therefore fails to show good cause for staying motion practice.

In summary, Plaintiff's Motion to Stay (ECF No. 65) is **GRANTED**; Plaintiff's Renewed Motion to Compel Discovery (ECF No. 49) is **DENIED WITHOUT PREJUDICE**; Plaintiff's Motion for Sanctions (ECF No. 66) is **DENIED WITHOUT PREJUDICE**, and Defendant's Motion to Stay (ECF No. 71) is **DENIED**. The discovery period is **EXTENDED** *for the limited purpose* of resolving the disputes raised by Plaintiff's renewed Motion to Compel (ECF No. 49) and completing Defendant's email production until **APRIL 25, 2025**. Plaintiff's deadline to file

a memorandum in opposition to Defendant's Motion for Summary Judgment (ECF No. 60) is

**EXTENDED** until **MAY 16, 2025**.

       **IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE