UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

SEAN SWAIN,

        Plaintiff,

    v.

ANNETTE CHAMBERS-SMITH,
*Director, Ohio Department of Rehabilitation
and Correction*,

        Defendant.

Civil Action 2:23-cv-2809
Judge Algenon L. Marbley
Magistrate Judge Chelsey M. Vascura

## ORDER

This matter is before the Court pursuant to a sua sponte review of this case.  The question of the constitutionality of ODRC Policy No. 75-MAL-03, which became effective on February 1, 2022, has been the subject of numerous lawsuits filed in this district.[1] In one particular case, *Allah v. Chambers-Smith*, 2:22cv21, a stipulation was entered.

The following background is set forth in the *Allah* Stipulation:

Under ODRC Policy No. 75-MAL-03, all senders of legal mail are required "to register, obtain and use valid control numbers on all legal mail sent to incarcerated individuals." This includes mail coming from all courts.  Additionally, Ohio Admin. Code § 5120-9-17 was amended, effective April 8, 2022. Under Ohio Admin. Code § 5120-9-17(B)(1), "[a]ll mail, including electronic mail, other than

---

[1] The following is a list of known cases that include a claim, or claims, relating to the ODRC legal mail policy: 3:21cv35, 2:22cv21, 2:22cv2469, 2:22cv3236, 2:22cv2604, 1:22cv170, 2:23cv2809, 2:23cv3147, 2:24cv393, 2:24cv676, 2:24cv764, 2:25cv143, 2:25cv378, 2:25cv657, 1:25cv501. In addition, there are numerous other cases pending wherein plaintiffs have filed a motion asking for a control number or an order directing ODRC not to open legal mail. Finally, a class action complaint has been filed challenging another variance to the legal mail policy within ORDC.  See *Ohio Justice and Policy Center v. Chambers-Smith et al*, 1:25cv291.

legal mail, shall be opened and may be read or copied in the institution mail office and inspected for the presence of contraband, unauthorized forms of funds, and other threats to the security and safety of the institution." Under Ohio Admin. Code § 5120-9-17(B)(2), legal mail was defined as "mail addressed to an inmate clearly bearing the return address of an attorney-at-law, a public service law office, a law school legal clinic, court of law, or the correctional institution inspection committee that is marked with a valid control number provided by the department." Furthermore, "[i]f mail is received from any of the groups listed in this paragraph without a valid control number, then it *may* be treated as a regular, non-legal mail, as set forth in paragraph (B)(1) of this rule." Ohio Admin. Code § 5120-9-17(B)(2) (emphasis supplied).  Thus, if legal mail was addressed to an incarcerated person and it did not have a control number per ODRC policy, it could be opened, read, and copied by ODRC officials before it was delivered to the incarcerated person. This applied to all legal mail sent by attorneys and courts of law, including mail sent to incarcerated persons from the Clerks for the Northern and Southern Districts of the United States District Courts, the Sixth Circuit Court of Appeals, and the United States Supreme Court.

(*Allah*, 2:22cv21, Doc. 91, ¶6-7).

Mr. Allah, like other plaintiffs who have filed similar complaints, alleged two instances where legal mail sent to him by federal courts, including this Court, and their Clerks of Court did not have a control number as required under ODRC Policy No. 75-MAL-03.  It is alleged that because these pieces of mail from the Court did not have a control number assigned thereto, they were processed by prison officials and delivered to the plaintiffs as regular United States mail, meaning that these pieces of mail were opened outside the presence of the plaintiffs, the mail was copied, the copy was delivered, either personally or through an app on a tablet, to the plaintiffs, and the delivery was delayed. Mr. Allah, like other plaintiffs, alleged that these incidents violated his rights under the United States Constitution and Ohio Constitution.

Per the stipulation filed in *Allah*, ODRC has changed its practice regarding how it processes mail sent and delivered to incarcerated persons from United States federal courts. This new practice is to "treat all mail sent from the United States District Courts, including the Northern District of Ohio and the Southern District of Ohio, and the United States Sixth Circuit Court of Appeals, and the United States Supreme Court ('federal courts') as "legal mail" whether

or not it was assigned a control number." *Allah* Stipulation, ¶20). Thus, ODRC stipulated that all mail sent by federal courts and addressed to incarcerated persons shall be delivered to said persons and processed and treated at the institution by ODRC staff and employees as legal mail under the processes promulgated and required under ODRC Policy No. 75-MAL-03. (Id. at ¶24).

Since the entry of this stipulation, inmates have continued to file complaints and/or raised claims arguing that the stipulated procedures are not being followed and specifically that their mail is not being treated as legal mail. See, for example, *Thompson v. Ohio Department of Rehabilitation and Corrections*, 2:25cv143-SDM-KAJ and *Bushner v. Barrett, et al.,* 1:25cv501-SJD-SKB. Furthermore, the matter of *Shine-Johnson, et al. v. Chambers-Smith, et al*. 2:22cv3236-JLG-SKB raises similar issues. In *Shine-Johnson,* counsel has been appointed to represent the plaintiffs and the case is proceeding with discovery. A dispositive motion deadline has been extended to December 15, 2025. Given that *Shine-Johnson* is progressing with counsel, the undersigned has determined that, in the interest of judicial economy and to avoid any potentially duplicative litigation and conflicting results, this matter shall be temporarily **STAYED** until a decision is rendered in *Shine-Johnson. See Poffenbarger v. Kendall*, S.D.Ohio No. 3:22-cv-1, 2022 U.S. Dist. LEXIS 159669, at *5-6 (Sep. 2, 2022) citing *Clinton v. Jones*, 520 U.S. 681, 706, 117 S. Ct. 1636, 137 L. Ed. 2d 945 (1997) ("[t]he District Court has broad discretion to stay proceedings as an incident to its power to control its own docket"); *Gray v. Bush*, 628 F.3d 779, 785 (6th Cir. 2010) ("[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants") (internal quotation marks omitted); *see also Baatz v. Columbia Gas Transmission, LLC*, 814 F.3d 785, 795 (6th Cir. 2016) ("when a federal court is presented with ... a duplicative suit, it may exercise its discretion to stay the suit

before it, to allow both suits to proceed, or, in some circumstances, to enjoin the parties from proceeding in the other suit"; explaining that "staying this case while the [pending class action] resolves the various issues raised by [a party] would probably be the most reasonable course of action") (internal quotation marks omitted) . . . ."

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE