# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

SEAN SWAIN,

       **Plaintiff,**

  v.                                      Civil Action 2:23-cv-2809
                                           Judge Algenon L. Marbley
                                           Magistrate Judge Chelsey M. Vascura

ANNETTE CHAMBERS-SMITH,
*Director, Ohio Department of Rehabilitation and Correction*,

       **Defendant.**

## ORDER

      This matter is before the Court on Plaintiff's Motion to Merge the Case *Sub Judice* with Pending Case Cited in Court's Order of 05 August 2025 (ECF No. 82). Therein, Plaintiff objects to the undersigned's order staying this case pending the outcome of *Shine-Johnson, et al. v. Chambers-Smith, et al.*, 2:22-cv-3236-JLG-SKB, another prisoner legal mail case in which counsel has been appointed. (ECF No. 81.) Plaintiff contends that his case involves issues that do not overlap with *Shine-Johnson* and asks that the two cases be consolidated so that his case may proceed.

      In rendering its prior decision, the Court carefully considered the differences between the two cases and nevertheless concluded that, in the interest of judicial economy and to avoid any potentially duplicative litigation and conflicting results, this case should be stayed. Plaintiff's Motion, in essence, asks the undersigned to reconsider that ruling. But Plaintiff has not identified any clear error of law, newly-discovered evidence, or any other grounds for reconsidering that

ruling. *See Huff v. Metro. Life Ins. Co.*, 675 F.2d 119, 122 (6th Cir. 1982) (district courts review motions to reconsider under the same standard as motions to alter or amend under Rule 59(e) of the Federal Rules of Civil Procedure); *Betts v. Costco Wholesale Corp.*, 558 F.3d 461, 474 (6th Cir. 2009) (to prevail under Rule 59(e), the movant must show: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice). Nor should a motion for reconsideration be used to re-litigate issues previously considered. *Am. Marietta Corp. v. Essroc Cement Corp.*, 59 F. App'x 668, 671 (6th Cir. 2003).

For these reasons, to the extent that Plaintiff's Motion seeks reconsideration of the August 5, 2025 Order, Plaintiff's Motion (ECF No. 82) is **DENIED**. Plaintiff also asks, in the alternative, that his Motion be considered an objection to the August 5, 2025 Order. That objection will be ruled on by the District Judge.

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE