IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SEAN SWAIN, | : | |
| | : | |
| Plaintiff, | : | Case No. 2:23-cv-2809 |
| | : | |
| v. | : | Judge Algenon L. Marbley |
| | : | |
| ANNETTE CHAMBERS-SMITH, | : | Magistrate Judge Chelsey M. Vascura |
| | : | |
| Defendant. | : | |

**OPINION & ORDER**

This matter is before the Court on *pro se* Plaintiff Sean Swain's Motion (ECF No. 82) seeking to merge this case with *Shine-Johnson v. Chambers-Smith*, 22-cv-3236 (S.D. Ohio), and in the alternative, requesting reconsideration of and objecting to the Magistrate Judge's earlier stay of this case until a decision is reached in *Shine-Johnson*. (ECF No. 81). *Shine-Johnson* is a similar prisoner rights case, and plaintiffs in that case are proceeding with counsel.

On September 18, 2025, the Magistrate Judge denied Swain's Motion to the extent he requested reconsideration of the stay and noted that this Court would rule on his objection. (ECF No. 84 at 1–2). Defendant Chambers-Smith opposed Swain's objection (ECF No. 85), and Swain did not reply. For the following reasons, Swain's objections are **OVERRULED**, and his Motion is **DENIED**.

**I. STANDARD OF REVIEW**

A party must serve and file objections to a Magistrate Judge's order within fourteen days after being served with a copy of that order. Fed. R. Civ. P. 72(a). For non-dispositive matters, this Court evaluates the objections to the Magistrate Judge's order to determine whether any part of the order was "clearly erroneous or is contrary to law." *Id.*; 28 U.S.C. § 636(b)(1)(A). The "clearly

erroneous" standard applies to factual findings made by the Magistrate Judge, while legal conclusions are reviewed under the more lenient "contrary to law" standard. *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992), *aff'd*, 19 F.3d 1432 (6th Cir. 1994) (table).

A factual finding is "clearly erroneous" only when this Court "is left with the definite and firm conviction that a mistake has been made," whereas this Court "may overturn any conclusions of law which contradict or ignore applicable precepts of law" in a "plenary" review. *J4 Promotions, Inc. v. Splash Dogs LLC*, 2010 WL 4809101, at *1 (S.D. Ohio Nov. 18, 2010) (Marbley, J.) (citing *Gandee*, 785 F. Supp. at 686). With these standards in mind, this Court reviews the Magistrate Judge's Order.

## II. LAW & ANALYSIS

Swain raises two general objections to the Magistrate Judge's Order, though he does not specify on what points the Magistrate Judge's decision is clearly erroneous or contrary to law.

First, Swain argues that this case should not be stayed pending *Shine-Johnson* because his facts are "significantly distinguishable" due to the destruction of legal materials. (ECF No. 82 at 2). Thus, Swain asserts that the resolution of *Shine-Johnson* will not address issues here. He proposes that this case be merged into *Shine-Johnson* (or any other appropriate case) to address any judicial economy concerns, allowing the Court can resolve all issues simultanouesly. (*Id.*).

The Magistrate Judge considered this part of Swain's motion as a request for reconsideration, determining that the issues here are "similar" to those in *Shine-Johnson* because both cases raise constitutional challenges to the Ohio Department of Rehabilitation and Correction's mail policies, including Department Policy No. 75-MAL-03. (ECF No. 81 at 1, 3; *see* ECF No. 84 at 1 ("In rendering its prior decision, the [Magistrate Judge] carefully considered the differences between the

two cases and nevertheless concluded that, in the interest of judicial economy and to avoid any potentially duplicative litigation and conflicting results, this case should be stayed.")).

To the extent that Swain's motion objects to the Magistrate Judge's Order here,[1] this Court concludes, after reviewing both cases, that each raise similar challenges to the constitutionality of Department mail policies. *Compare Swain*, 23-cv-2809, ECF No. 26 ¶ 40–42 (S.D. Ohio July 25, 2024) (First Amended Complaint) *with Shine-Johnson*, 22-cv-3236, ECF No. 47 ¶ 81 (S.D. Ohio Apr. 22, 2024) (First Amended Complaint).[2] Moreover, "[c]onsolidation under Fed. R. Civ. P. 42 is discretionary." *J4 Promotions*, 2010 WL 4809101, at *1. Swain does not show how the Magistrate Judge abused discretion, nor does he explain his conclusory argument that "this case *would have to be* merged into *Shine-Johnson*" to be resolved. (ECF No. 82 at 1) (emphasis added). Swain has failed to establish that the Magistrate Judge's Order was clearly erroneous or contrary to law, and to the extent that his first argument can be construed as an objection, it is overruled.

Second, Swain formally objects to the Magistrate Judge's Order by arguing that his case should not be stayed pending *Shine-Johnson* because the resolution of *Shine-Johnson* would not address the issue he has presented here—whether the Department "may destroy all but 5 pages of incoming legal materials." (*Id.* at 3). He also asserts that his issues arise out of Policy No. 75-MAL-01, not No. 75-MAL-03. (*Id.*). The Magistrate Judge properly left this objection to this Court. (ECF No. 84 at 2). Defendant Chambers-Smith opposed Swain's objection, observing that "the Court permitted [Swain] to proceed on his First Amendment legal mail claim and his First

---

[1] Swain does not characterize this argument as an objection, and the Magistrate Judge has addressed it. Nevertheless, this Court construes Swain's argument here as an objection in light of his *pro se* status.
[2] Plaintiffs in *Shine-Johnson* have sought leave to file a Second Amended Complaint. *See Shine-Johnson*, 22-cv-3236, ECF No. 103 (S.D. Ohio Nov. 30, 2025). The issues remain analogous. *See id.*, ECF No. 103-4 (Proposed Second Amended Complaint).

Amendment access-to-courts claim," and arguing that because Policy No. 75-MAL-01 "pertains to regular mail, not legal mail," Policy No. 75-MAL-03 "is the controlling policy" in this case as well. (ECF No. 85 at 1 (citing ECF No. 9)).

Swain's objection is incorrect that the resolution of *Shine-Johnson* would not serve to address the issues in this case, and his objection here fails for that reason. *Shine-Johnson* raises issues relating to both policies, has a First Amendment component, and involves allegations surrounding the destruction of legal mail. *E.g.*, *Shine-Johnson*, 22-cv-3236, ECF No. 47 ¶¶ 21, 30–31 (S.D. Ohio Apr. 22, 2024) (First Amended Complaint) ("Plaintiffs assert First Amendment violations and allege "that [their] legal mail is continuously and consistently being . . . destroyed."); *id.* ¶ 4 (alleging that Annette Chambers-Smith is "responsible for . . . failing to properly enforce the rules in [Policy Nos.] 75-MAL-01, 75-MAL-03"); *accord id.* ECF No. 103-4 ¶¶ 20, 90 (Proposed Second Amended Complaint). To the extent that Swain is concerned that the decision in *Shine-Johnson* will not redress his particular injuries if the cases are not merged, that is true. But a decision in *Shine-Johnson* could clarify the legal issues in Swain's case, preserve judicial economy, and avoid inconsistent decisions, while still allowing this Court to consider Swain's alleged injuries in this particular case following the outcome in *Shine-Johnson*. *See generally Shine-Johnson v. Chambers-Smith*, 2024 WL 4799910, at *2 (S.D. Ohio Nov. 15, 2024) (observing that "ongoing developments" in similar cases "stemming from the same ODRC policy" had repercussions beyond each individual case). Again, Swain has not demonstrated that the Magistrate Judge's Order is clearly erroneous or contrary to law, and this objection is overruled.

### III. CONCLUSION

Swain's objections to the Magistrate Judge's Order (ECF No. 81) are **OVERRULED**, and his Motion (ECF No. 82) is **DENIED**.

**IT IS SO ORDERED.**

**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED:  January 15, 2026**