IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SEAN SWAIN, | : | |
| | : | |
|     Plaintiff, | : | Case No. 2:23-cv-2809 |
| | : | |
| v. | : | Judge Algenon L. Marbley |
| | : | |
| ANNETTE CHAMBERS-SMITH, | : | Magistrate Judge Chelsey M. Vascura |
| | : | |
|     Defendant. | : | |

**OPINION & ORDER**

This matter is before the Court on *pro se* Plaintiff Sean Swain's Motion requesting a Temporary Restraining Order and Preliminary Injunction. (ECF No. 87). For the following reasons, Swain's Motion is **DENIED**.

**I.  BACKGROUND**

Sean Swain is a prisoner incarcerated at the Ohio State Penitentiary in Youngstown. He initiated this lawsuit *pro se* under 42 U.S.C. § 1983 against Defendant Annette Chambers-Smith, the Director of the Ohio Department of Rehabilitation and Correction, arguing that the Department's legal mail policy violated his rights under the United States Constitution and Ohio law. (*See* ECF No. 27 at 1). Currently, this case is stayed pending a decision in *Shine-Johnson v. Chambers-Smith*, Case No. 22-cv-3236 (S.D. Ohio) (Graham, J.), where prisoner plaintiffs challenging Department's policy are proceeding with counsel. (ECF No. 86 at 1). On January 30, 2026, Swain filed the instant motion.

Swain challenges a new "pattern of irregular conduct" that he asserts began in December 2025, when the Ohio State Penitentiary confiscated a calendar and two books that were mailed to him. (*Id.* at 2). According to Swain, the prison mail room instituted a new rule to target him in

retaliation for initiating this action. This purported "Swain rule" requires him to "fill out a request prior to any purchase of printed materials" and "purchase the materials from his prison account[,]" thus prohibiting him from receiving printed materials "purchased by third parties." (*Id.* at 2, 4). Swain argues that this restriction violates Ohio law, which provides prisoners with the right to receive "a reasonable number of materials directly from the publishers or other distributors of those materials," so long as they are not "prohibited inflammatory material." Ohio Rev. Code § 5120.427(A); *see* Ohio Admin. Code § 5120-9-19 (B); (ECF No. 87 at 3). He seeks emergency relief via a preliminary injunction enjoining retaliation and a temporary restraining order preventing the destruction of his books and calendar. Rule 65 of the Federal Rules of Civil Procedure governs both forms of relief.

## II.  STANDARD OF REVIEW

Preliminary injunctions require notice to the adverse party. Fed. R. Civ. P. 65(a)(1). In determining whether to issue a preliminary injunction, courts weigh: (1) the movant's strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury absent an injunction; (3) whether issuance of an injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction." *City of Pontiac Retired Emps. Ass'n v. Schimmel*, 751 F.3d 427, 430 (6th Cir. 2014 (per curiam) (en banc); *see Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Showing a strong likelihood of success on the merits requires more than the showing that is "necessary to create a genuine issue of fact, but less than the one necessary to show a preponderance." *Clark v. A&L Homecare and Training Ctr., LLC*, 68 F.4th 1003, 1011 (6th Cir. 2023) (citing *Memphis A. Philip Randolph Inst. v. Hargett*, 2 F.4th 548, 554 (6th Cir. 2021)). These four factors are not prerequisites; they are balanced against one another. *Memphis A. Philip Randolph Inst.*, 2 F.4th at 554.

Unlike preliminary injunctions, temporary restraining orders may be issued without notice. Fed. R. Civ. P. 65(b)(1). These emergency measures are meant "to prevent immediate and irreparable harm to the complaining party during the period necessary to conduct a hearing on a preliminary injunction." *Hartman v. Acton*, 613 F. Supp. 3d 1015, 1021 (S.D. Ohio 2020) (Marbley, J.). To obtain such relief, a movant must provide "specific facts in an affidavit or verified complaint clearly show[ing] that immediate and irreparable injury, loss, or damage will result to the movant." Fed. R. Civ. P. 65(b)(1)(A). Immediacy and irreparability are central to the inquiry, because "the purpose of a temporary restraining order is to maintain the status quo"; otherwise, the "standard for issuing a temporary restraining order is logically the same as for a preliminary injunction." *Doe v. Univ. of Cincinnati*, 2015 WL 5729328, at *1 (S.D. Ohio Sept. 30, 2015). The "burden of proving that the circumstances 'clearly demand' such an extraordinary remedy is a heavy one" since the party seeking "the injunction must establish its case by clear and convincing evidence.'" *Marshall v. Ohio Univ.*, 2015 WL 1179955, at *4 (S.D. Ohio Mar. 13, 2015).

### III.  LAW & ANALYSIS

At the outset, this Court notes that it previously stayed this case due to similar issues being litigated in *Shine-Johnson*. *See Swain v. Chambers-Smith*, 2026 WL 111329, at *2 (S.D. Ohio Jan. 15, 2026) (Marbley, J.). But such judicial stays are not necessarily absolute. *See generally Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936). They "can always be lifted if emergency relief is required." *In re Mut. Funds Invest. Litig.*, 2011 WL 1540134, at *2 (D. Md. Apr. 20, 2011); *cf. Latta v. Dep't of Educ.*, 653 F. Supp. 3d 435, 441 (S.D. Ohio 2023) (granting a stay pending a Supreme Court decision that could address similar issues, and "declin[ing] to further consider Plaintiff's motion for [a] [temporary restraining order] *at this juncture*" (emphasis added)). Thus, the existing stay does not inherently preclude Swain from seeking this emergency relief.

3

Swain argues that both a preliminary injunction and a temporary restraining order are appropriate and should be granted. First, he argues that a preliminary injunction is necessary to stop Defendant's agents (*i.e.*, prison officials) "from engaging in retaliation." (ECF No. 87 at 7). Next, he argues that a temporary restraining order is appropriate to prevent prison officials from destroying the withheld calendar and books until this Court can rule on the merits. (*Id.* at 6–7).

According to Swain, he has demonstrated a likelihood of success on the merits in showing that prison officials fabricated a new rule to punish him, in violation of Ohio law. (*Id.* at 5; *see id.* Swain Decl. ¶¶ 3–4). His injury is irreparable without a temporary restraining order because he would "lose the property already withheld," and he would suffer separate irreparable injury absent a preliminary injunction because "mailroom staff [would] have a blank check to continue retaliatory action." The entry of relief would not seriously harm Defendant Chambers-Smith, because at worst, her prison officials would have to "store a few books for a few extra days," and the public interest would be served in ensuring that prison officials obey the law. Last, Swain claims that the harm he faces is immediate, because prison officials notified him that his materials will be destroyed within thirty days. (ECF No. 87 at 6–7; *id.* Swain Decl. ¶ 5).

This Court considers Swain's arguments for a preliminary injunction and a temporary restraining order in turn, and determines that his request for emergency relief fails.

***Preliminary Injunction.*** First, Swain seeks a preliminary injunction to "forbid[] Defendant's agents from engaging in retaliation." (ECF No. 87 at 7). Crucially, however, he has not shown that he is likely to succeed on the merits of his retaliation argument because he has not established facts that could show retaliation. He appears to concede that the prison may regulate "inflammatory" content, but he does not state whether the books and calendar could be construed as inflammatory. Moreover, he does not present substantial evidence in support of his claim of

4

supposed retaliation. At most, his declaration is not inconsistent with his theory that the Department's new rule was applied to him with a retaliatory purpose. (*Id.* Swain Decl. ¶¶ 2–3). But it does not provide a factual basis to support his allegations of a retaliatory withholding of his mailed books and calendar. Here, Swain's allegations are conclusory and insufficient to show that he is likely to succeed on the merits insofar as he alleges retaliation. *Easterling v. Lakefront Lines, Inc.*, 309 F. Supp. 3d 498, 500–01 (S.D. Ohio 2018), *report and recommendation adopted*, 2018 WL 2128396 (May 8, 2018).

Aside from retaliation, Swain also alleges financial harm stemming from the destruction of his property. (ECF No. 87 at 6). But harm is only irreparable for the purposes of a preliminary injunction when it is not fully compensable by money damages. *Easterling*, 309 F. Supp. 3d at 501 (citing *Overstreet v. Lexington-Fayette Urban Cnty. Gov't*, 305 F.3d 566, 578–79 (6th Cir. 2002)); *see D.T. v. Sumner Cnty. Schs.*, 942 F.3d 324, 327 (6th Cir. 2019) (irreparable harm is an "indispensable" factor because without it, relief can be granted at the end of the lawsuit). To the extent that Swain suggests that the seizure and pending destruction of his books and calendar would provide a basis for emergency relief, he is mistaken. Money could compensate him for his loss.

The two dominant factors of the preliminary injunction inquiry are a strong likelihood of success on the merits and irreparable injury, and Swain has failed to show them here. Thus, consideration of the remaining two preliminary injunction factors—substantial harm to others and the public interest—is unnecessary. *Sutherland v. Warren*, 2020 WL 7635969, at *3 (W.D. Mich. Oct. 30, 2020), *report and recommendation adopted*, 2020 WL 7626774 (Dec. 22, 2020). Even still, these remaining factors also weigh against an injunction, because "interference by the federal courts in the administration of state prisons is necessarily disruptive," and thus public welfare "militates against the issuance of extraordinary relief in the prison context" absent a showing of a

constitutional violation.  *Dunbar v. Huyge*, 2019 WL 1780584, at *2 (W.D. Mich. Mar. 27, 2019), *report and recommendation adopted*, 2019 WL 1779334 (W.D. Mich. Apr. 23, 2019); *see generally Pell v. Procunier*, 417 U.S. 817, 822 (1974) ("[l]awful incarceration brings about the necessary withdrawal or limitation of many privileges and rights").

*Temporary Restraining Order.*  Swain also seeks a temporary restraining order to prevent prison officials from destroying his books and calendar until this Court can adjudicate the issue on the merits.  (ECF No. 87 at 7).  Though the aforementioned four preliminary injunction factors apply, "it is of paramount importance that the party establish immediacy and irreparability of injury" when seeking a temporary restraining order.  *Hartman*, 613 F. Supp. 3d at 1021–22.  Swain has shown immediacy, because his printed materials will be destroyed within thirty days.  (ECF No. 87, Swain Decl. ¶ 5).  Fatally, however, he has not shown *irreparable* harm.  *Basicomputer Corp. v. Scott*, 973 F.2d 507, 511 (6th Cir. 1992) ("[H]arm is not irreparable if it is fully compensable by money damages.").  Swain seeks a temporary restraining order to prevent the destruction of his "already-purchased reading materials" and calendar, but he does not suggest that his loss could not be remedied by money damages.  (ECF No. 87 at 6).

## IV. CONCLUSION

Swain has not shown the irreparable injury necessary to obtain a temporary restraining order, nor has he shown that the preliminary injunction factors would weigh in favor of emergency relief.  His Motion (ECF No. 87) is **DENIED**.

**IT IS SO ORDERED.**

                                                                            _____
                                                                            **ALGENON L. MARBLEY
                                                                            UNITED STATES DISTRICT JUDGE**

**DATED:  February 3, 2026**